UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE O'NEAL,

    Plaintiff,

v.                                           Case No. 18-cv-536-pp

MILWAUKEE WISCONSIN FBI,
and AGENT BANNER,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

In a four-week span, the plaintiff—representing himself—filed four complaints in the Eastern District of Wisconsin, naming various federal defendants, including the FBI as an agency and individual agents, the United States marshal, and various Assistant United States Attorneys. Case Nos. 18-cv-536, 18-cv-548, 18-cv-684 and 18-cv-685. He filed this complaint on April 6, 2018, naming the Milwaukee FBI office and Agent Banner. Dkt. No. 1. The plaintiff has asked for leave to proceed without prepaying the filing fee. Dkt. No. 2. Although the plaintiff has established that he cannot afford the filing fee, the court will dismiss the case for failure to state a claim.

**I.    Plaintiff's Motion to Proceed Without Prepayment of the Filing Fee (Dkt. No. 2)**

The court may allow a litigant to proceed without prepayment of the filing fees if two conditions are met: (1) the litigant is unable to pay the filing fee; and

1

(2) the case is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

A.     Plaintiff's Ability to Pay the Filing Fee

The plaintiff states that he is unemployed, single, and has a fifteen-year-old son for whom he provides no financial support. He reports no monthly income and no expenses, and says that he owns no property of value. It is unlikely that the plaintiff has no expenses—even if he lives with someone who pays the bills, he likely has some obligations. Given the other problems with the case, however, the court will accept the plaintiff's claim that he can't pay the filing fee.

B.     Screening

1.     *Legal Standard*

The court must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

2

construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

        2.    *Facts Alleged in the Plaintiff's Complaint*

As noted above, Fed. R. Civ. P. 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward,

3

so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. *ex rel.* Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff cannot leave the court "to guess what claims [he] intends to assert against which defendants." Dunigan v. St. Clair Cty. Jail Med. Staff, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015).

The form the plaintiff used to file his complaint asked him to provide a statement of the claim identifying who violated his rights, what each defendant did, when they did it, where it happened and why it happened. Dkt. No. 1 at 2. The plaintiff states as follows:

> Agent Banner of Milwaukee Wisconsin FBI have violations US Code 18 & Title 5 Color of Law US Code 42, 28, 18, section 3771 obstructing Investigation, obstruction of Justices Discrimination, Conspiracy Against Right, Depraved of Constitution Law & Civil Right Negligent misrepresentation, Fraudulent misrepresentation misuse of government Equipment & properties & positions by government worker. Treason: broken swore of oath to serve & protect unite states citizens & federal & state witness & evidences & cases He refuse to show his badges that he had on & get supervisor over 3x I ask him to see his badge He refuse to show it on camera because he was obstructing Investigation & concealing A Homicide Death.

Dkt. No. 1 at 3.

The plaintiff explains that in January of 2018 he made numerous calls to the Milwaukee FBI to report being a state and federal witness to domestic terrorism, hate crimes, a national security threat, wiretapping scandal, human trafficking, concealing the homicide death of a federal and state witness, and to report that the government phone lines and website had been hacked. Id. He indicates that he was a witness—a whistleblower—and had been a "target & gang stalking" as a result. Id. He called the FBI because he was a victim of

domestic terrorism, hate crimes, human trafficking, and "discrimination because of race & color & religion & being a federal and state witness …." Id. He alleges that, on March 14, 2018, Agent Banner allegedly refused to help the plaintiff and either directed him to the supervisor or refused to allow the plaintiff to speak to the supervisor. He says that Agent Banner refused to show his badges or provide the plaintiff with help for "victim protection custody …." Id. The plaintiff has asked the court to award him money for loss of wages and victim assistance in the amount of $50,000,000,000, as well as other relief. Id. at 4.

        3.     *Analysis*

It appears that the plaintiff called and/or visited the Milwaukee FBI office on two occasions within the past four months, and did not like the way he was treated by Agent Banner. To bring a lawsuit in federal court, the plaintiff must either present facts that would show a violation of federal law or the federal constitution or he must sue a citizen of a different state for an amount that exceeds $75,000. 28 U.S.C. §§1331, 1332. The plaintiff has identified a myriad of claims, but none of them state private causes of action for which this court can grant relief. Things like obstruction and treason are criminal charges. A private citizen can't sue for those; the government brings criminal charges. See 18 U.S.C. §2381; 18 U.S.C. §1501, *et seq.* "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Claims like negligent misrepresentation and fraudulent

5

misrepresentation are claims that arise under state law. This court cannot decide state law claims unless they are related to a valid federal claim. See 28 U.S.C. §1367(a) (allowing the court to exercise supplemental jurisdiction "over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.") Although the plaintiff alleges "obstruction of Justices Discrimination," he provides no facts that would support a claim of discrimination. Herro v. City of Milwaukee, 44 F.3d 550, 552 (7th Cir. 1995) ("A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual.") He does not identify his race or his religion or explain why he believes he was discriminated against based on race or religion.

The plaintiff asked to see Agent Banner's badge, and he wanted the FBI to investigate his criminal allegations. He may even have wanted to be placed in a witness protection program. The FBI's decision to initiate a criminal investigation is discretionary. Jafree v. Barber, 689 F.2d 640, 643 (7th Cir. 1982) (citing Moses v. Kennedy, 219 F. Supp. 762 (D.D.C. 1963), aff'd sub nom. Moses v. Katzenbach, 342 F.2d 931 (D.C. Cir. 1965)). This court cannot tell the agency to investigate the alleged crimes or decide whether the plaintiff should be placed in "victim protection custody."

Perhaps the plaintiff is trying to bring a Bivens case for the deprivation of federal or constitutional rights. Bivens v. Six Unknown Named Agents, 403

U.S. 388 (1971). The plaintiff, however, has not alleged any facts that show deprivation of federal or constitutional rights. Agent Banner's alleged refusal to allow the plaintiff to photograph a badge, or alleged refusal to investigate does not violate any federal law or provision of the Constitution. Moreover, the plaintiff cannot sue the FBI under under <u>Bivens</u> because the cause of action recognized in <u>Bivens</u> is limited to claims against individual federal officers; it does not extend to federal agencies. <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 473 (1994). A person may sue federal agencies only to the extent that the United States has waived sovereign immunity. Although the Federal Tort Claims Act waives sovereign immunity for some suits against the United States, it does not permit suits for alleged constitutional torts. <u>See</u> 28 U.S.C. §1346(b); <u>FDIC v. Meyer</u>, 510 U.S. 471, 477 (1994) (constitutional torts not cognizable under FTCA). Because the plaintiff has not made allegations to support a federal cause of action, the court must dismiss this case.

**II.   Conclusion**

The court **GRANTS** the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 2. The court **DISMISSES** this case without prejudice for failure to state a claim.

Dated in Milwaukee, Wisconsin this 11th day of June, 2018.

                                        **BY THE COURT:**

                                        **HON. PAMELA PEPPER**
                                        **United States District Judge**